JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5783 PA (KSx) | Date | July 23, 2021 |
|---|---|---|---|
| Title | Lavitex, Inc. et al v. Federal Insurance Company et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

      Before the Court is a Notice of Removal filed by defendant Federal Insurance Company ("Removing Defendant").  Removing Defendant contends that this Court possesses diversity jurisdiction, pursuant to 28 U.S.C. § 1332, over the claims filed by plaintiffs Lavitex, Inc. and Arte Milano Textile Inc. ("Plaintiffs") against Removing Defendant and codefendant Fire Cause Analysis, Inc. ("FCA").

      "Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

      To invoke this Court's diversity jurisdiction, Removing Defendant must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332.  A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5783 PA (KSx) | Date | July 23, 2021 |
|---|---|---|---|
| Title | Lavitex, Inc. et al v. Federal Insurance Company et al | | |

Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

      Here, the Notice of Removal states: "Plaintiffs aver in their Complaint that they are citizens of the State of California for purposes of jurisdiction. Exhibit B, ¶¶ 7, 8." (Dkt. 1 ("Removal") ¶6.) However, Paragraphs 7 and 8 of the Complaint merely allege, "Plaintiff Lavitex, Inc. is a California corporation in good standing" and "Plaintiff Arte Milano Textile Inc. is a California corporation in good standing." (Id. at Ex. B ("Complaint") ¶¶7-8.) As stated above, a corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. Here, Removing Defendant has failed to allege the principal place of business for either Plaintiff. As a result, Removing Defendant's allegations related to Plaintiffs' citizenship are insufficient to invoke this Court's diversity jurisdiction.

      Even if Removing Defendant had properly alleged the citizenship of Plaintiffs, Removing Defendant still would not have made a sufficient showing that codefendant FCA has been fraudulently joined in this case. There is an exception to the complete diversity rule for fraudulently joined or "sham defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See Morris, 236 F.3d at 1067.

      "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendants. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42–43 (5th Cir. 1992)). Further, "[a]ll doubts concerning the sufficiency

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5783 PA (KSx) | Date | July 23, 2021 |
|---|---|---|---|
| Title | Lavitex, Inc. et al v. Federal Insurance Company et al | | |

of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." Id.

"[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nation v. Bayer Healthcare Pharmaceuticals, Inc., CV 13-4689, 2013 WL 12144106, at *1 (C.D. Cal. Aug. 19, 2013). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." Id. (quotations omitted).

Here, Plaintiffs only allege a claim for intentional interference with contractual relations against FCA. (Compl. ¶¶54-59.) According to the Complaint, Plaintiffs and Removing Defendant had an insurance policy that covered Plaintiffs' business, and Plaintiffs submitted a policy claim after a fire destroyed the inventory at their warehouse. (Compl. ¶¶13-16, ¶21, ¶55.) Removing Defendant hired FCA as an "an independent cause-and-origin expert," and Plaintiffs contend that FCA interfered with the policy by issuing a "biased" report that "inaccurately concluded" that the fire was the result of arson. (Id. at ¶¶22-26, ¶¶56-59 (alleging that "FCA knew of the Policy, and it conducted a purpose-built site inspection and produced a biased report so that Federal would have grounds to refuse to perform under the Policy and deny Plaintiffs' claim.").) As a result, Removing Defendant declined to pay Plaintiffs' insurance claim and "Plaintiffs were deprived of the benefits of the Policy." (Id.) Plaintiffs also allege that "FCA remained independent of Federal's control and conducted its inspection and formulated its conclusions of its own volition." (Id. at ¶28.)

Removing Defendant asserts that FCA is fraudulently joined because "plaintiff cannot state a valid cause of action against [FCA]." (Removal ¶¶12-13.) "Plaintiffs allege that Federal never intended to perform under the contract, and . . . since Federal . . . intended to deny the claim before retaining FCA, then FCA's conduct could not have 'prevented performance' under the contract, nor could its conduct have been intended to 'disrupt the performance' of the contract." (Id.) However, despite these purported deficiencies in the intentional interference claim, Removing Defendant has not presented any arguments or evidence that Plaintiff would not be afforded leave to amend, or that Plaintiff would not be afforded leave to amend and add other viable claims for relief against FCA.

If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012) (quoting Macey v. Allstate Property & Cas.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5783 PA (KSx) | Date | July 23, 2021 |
|---|---|---|---|
| Title | Lavitex, Inc. et al v. Federal Insurance Company et al | | |

Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)) (brackets in original).  The Court finds the Removing Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on the claims alleged against FCA.  See Plute, 141 F. Supp. 2d at 1008.  Nor can the Court conclude, on this record, that Plaintiff would not be afforded leave to amend his Complaint to state a viable claim against FCA.  See Padilla, 697 F. Supp. 2d at 1159.  The Court therefore finds that Removing Defendant has failed to meet its burden to establish that FCA has been fraudulently joined and, as a result, this Court cannot ignore its citizenship for purposes of assessing the propriety of Removing Defendant's Notice of Removal.  Because Removing Defendant has not established that Plaintiff and FCA are diverse, Removing Defendant has failed to establish that "complete diversity" exists between Plaintiff and all defendants, and, as a result, has failed to establish the Court's diversity jurisdiction.

For these reasons, Removing Defendant has failed to establish that the Court possesses diversity jurisdiction over this action.  Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. 21STCV18329, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.